IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE TENNESSEE AT NASHVILLE

Koutoure Unique Tees & More, LLC,

Plaintiff

v.

Ramann Enterprises, Inc. et al.

Defendants.

No. 3:13-cv-0039
Judge Bryant

## ~~Proposed~~ Case Management Order

Pursuant to LR 16.01(d), the following Initial Case Management Plan is adopted.

1. **Jurisdiction:**

This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) as there is complete diversity among parties and the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332(a). Jurisdiction is also proper under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B).

Susquehanna Commercial Finance, Inc. ("Susquehanna") disputes that venue is appropriate before this Court, as a result of a valid and enforceable forum selection clause in the Equipment Lease in which the parties agreed that venue for any action is in the state or federal courts in Pennsylvania.

2. **Plaintiff's Theory of the Case:**

Plaintiff, Koutoure Unique Tees & More, LLC ("Koutoure"), purchased defective products from Ramann Enterprises, Inc. dba Mesa Distributors, Inc. ("Mesa"), financed in part by Susquehanna Commercial Finance, Inc., and arranged by Adia Capital, LLC.

3. **Defendants' Theory of the Case:**

Plaintiff should be compelled to arbitrate its claims against Mesa. The contract between Koutoure and Mesa provides an arbitration provision for disputes arising out of the agreement or the transaction made the basis of the agreement. The Plaintiff's claims arise out of the agreement and the transaction made the basis of the agreement

1

and the Court should therefore compel this entire matter to arbitration. Additionally Mesa denies that the products sold to Koutoure were defective.

Susquehanna asserts that it is entitled to dismissal of the claims against it, because it has exercised its recourse rights as to co-Defendant Ramann Enterprises, Inc., pursuant to the Equipment Lease at issue, and Plaintiff's Complaint fails to state any valid factual or legal claim against Susquehanna. Nevertheless, as a result of the venue provisions contained in the Equipment Lease, Susquehanna would show that the proper venue for any action is in the state or federal courts in Pennsylvania.

4. **Issues:**

Whether Plaintiff's claims are subject to arbitration.

Whether Defendant, Raman Enterprises, Inc., sold Plaintiff defective products and breached its express warranties.

Whether Plaintiff's Claims against Susquehanna are filed in the proper venue and, if so, whether such claims should be dismissed or transferred to the proper venue.

5. **Need for Other Claims or Special Issues Under Rules 13-15, 17-21, and 23 of the Federal Rules of Civil Procedure:**

None.

6. **Witness Subject to Supplementation:**

None.

7. **Initial Disclosures and Staging of Discovery:**

Defendants will file a Motion to Compel Arbitration by April 26, 2013.

Plaintiff's Response to the Motion to Compel Arbitration will be due May 17, 2013.

Defendants' Reply will be due May 31, 2013.

Discovery shall be stayed until a ruling on the Motion to Compel Arbitration.

If the Court denies the Motion to Compel, discovery will then proceed, ending on November 29, 2013.

No additional expert discovery will be required.

8. **Dispositive Motions:**

Motion for Summary Judgment will be due January 9, 2014.

Response to Motion for Summary Judgment will be due February 7, 2014.

Any Reply will be due February 21, 2014.

If dispositive motions are filed early, then the response and reply dates are moved up accordingly. Absent Court permission, any motion and response memoranda shall be limited to twenty-five pages in length, and any reply shall be limited to five pages.

### 9. Subsequent Case Management Conference:

Plaintiff will initiate the follow-up case management conference via telephone on November 5, 2013 at 9:30 a.m.

### 10. Target Trial Date:

A jury trial will be targeted to begin on May 27, 2014.

It is so ORDERED:

_____
John S. Bryant
United States Magistrate Judge

APPROVED FOR ENTRY:

/s/ Mark Pickrell
C. Mark Pickrell #015605
Andrew E. Hill #031156
THE PICKRELL LAW GROUP, P.C.
5701 Old Harding Pike, Suite 200
Nashville, TN 37205

*Attorneys for Plaintiff*

/s/ Keith W. Randall (with permission)
Keith Randall #030313
Paul S. Davidson #11789
WALLER LANSDEN DORTCH & DAVIS, LLP.
511 Union Street, Suite 2700
Nashville, TN 37219

*Attorneys for Defendant Rahman Enterprises, Inc., d/b/a Mesa Distributing, Inc.*

3

/s/ David M. Anthony (with permission)
David M. Anthony, #019951
BONE MCALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, Tennessee 37219

*Attorneys for Defendant Susquehanna Commercial Finance, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served via the Court's ECF system on this 12th day of April, 2013, upon:

Keith Randall
Paul S. Davidson
WALLER LANSDEN DORTCH & DAVIS, LLP.
511 Union Street, Suite 2700
Nashville, TN 37219
keith.randall@waller.com
paul.davidson@wallercom

David M. Anthony
BONE MCALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, Tennessee 37219
danthony@bonelaw.com

/s/ Mark Pickrell

4