IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KOUTOURE UNIQUE TEES )
& MORE, LLC )
  )
v. ) NO. 3-13-0039
  ) JUDGE CAMPBELL
RAMANN ENTERPRISES, INC., )
et al. )

MEMORANDUM

Pending before the Court are Defendant Ramann Enterprises' Motion to Compel Arbitration and Stay Proceeding (Docket No. 15) and Defendant Susquehanna Commercial Finance, Inc.'s Motion to Transfer Venue Under 28 U.S.C. § 1404(a) (Docket No. 18). For the reasons stated herein, Defendant Ramann's Motion to Compel Arbitration and Stay Proceeding is GRANTED, and Defendant Susquehanna's Motion to Transfer Venue is DENIED.

FACTS

Plaintiff, a Tennessee limited liability company, sued Defendant Ramann Enterprises, Inc. ("Mesa")[1], a Texas corporation, and Defendant Adia Capital ("Adia"), an Arkansas limited liability company, and Defendant Susquehanna Commercial Finance, Inc. ("Susquehanna"), a Pennsylvania corporation, alleging unconscionable contracts, breach of written and implied warranties, violation of the Magnuson-Moss Warranty Act, violations of the Tennessee Consumer Protection Act and common law fraud.

Plaintiff's claims arise from its purchase from Mesa of a direct-to-garment printer and embroidery machine for use in its business. Plaintiff asserts that its purchase included on-site

---

[1] Plaintiff alleges that Ramann does business as Mesa Distributors, Inc. ("Mesa").

installation and on-site training. Plaintiff alleges that Defendant Adia secured financing for Plaintiff to make this purchase and Defendant Susquehanna agreed to provide that financing. Plaintiff claims that Adia structured the entire transaction as an equipment lease and acted as a broker among Susquehanna, Mesa and Plaintiff.

The sales agreement between Plaintiff and Mesa includes a mandatory binding arbitration provision. The lease agreement between Plaintiff and Susquehanna includes a consent-to-jurisdiction-in-Pennsylvania provision.

## MOTION TO COMPEL ARBITRATION

Plaintiff does not challenge the validity of the arbitration provision at issue or the scope of its reach. Plaintiff argues, however, that its claims under the Magnuson-Moss Warranty Act are non-arbitrable. There is clearly a split of authority on this issue.

The Court agrees with the reasoning of the Fifth and Eleventh Circuit Courts of Appeals in finding that arbitration of Magnuson-Moss warranty claims is not barred. In *Walton v. Rose Mobile Homes LLC*, 298 F.3d 470 (5th Cir. 2002), the court held that the text, legislative history and purpose of the Magnuson-Moss Warranty Act do not evince a congressional intent to bar arbitration of claims under that Act. *Id*. at 478 (collecting cases). Similarly, in *Davis v. Southern Energy Homes, Inc.*, 305 F.3d 1268 (11th Cir. 2002), the court stated: "After a thorough review of the MMWA and its legislative history, the FAA [Federal Arbitration Act] and the Supreme Court's application of the FAA to other federal statutes, we conclude that the MMWA permits the enforcement of valid binding arbitration agreements within written warranties." *Id*. at 1272 (collecting cases).

There being no other objection by Plaintiff to Defendant Ramann's Motion to Compel Arbitration, Defendant's Motion is GRANTED, and Plaintiff and Ramann/Mesa are ordered to arbitrate their disputes in accordance with the arbitration agreement.[2]

## MOTION TO STAY

Defendant Ramann also asks the Court to stay this proceeding, pending the completion of arbitration. Federal law provides that the Court "shall" on application of one of the parties stay the trial of any issue referable to arbitration under such an agreement as herein. 9 U.S.C. § 3. Accordingly, this action is STAYED, pending arbitration of Plaintiff's claims against Defendant Ramann.[3]

## MOTION TO TRANSFER VENUE

Defendant Susquehanna asks the Court to transfer Plaintiff's claims against it to the U.S. District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Given the stay ordered herein, this Motion to Transfer Venue is denied without prejudice to its being re-filed once the stay is lifted.

## CONCLUSION

For these reasons, Defendant's Motion to Compel Arbitration and Stay Proceeding (Docket No. 15) is GRANTED, and Defendant's Motion to Transfer Venue (Docket No. 18) is DENIED.

---

[2] Defendant Susquehanna correctly points out that it is not subject to the sales agreement and, therefore, is not bound to arbitrate its dispute with Plaintiff. There is also no evidence that Defendant Adia is subject to any arbitration provision with Plaintiff.

[3] Defendant Susquehanna does not oppose a stay of the issues and claims against it while the claims against Defendant Ramann are arbitrated. The issues and claims presented are so intertwined and related that the Court finds a stay of all Plaintiff's claims is in the interest of judicial economy and avoiding the risk of inconsistent findings.

Plaintiff and Defendant Ramann shall notify the Court, on or before September 3, 2013, as to the status of the arbitration.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE