IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KOUTOURE UNIQUE TEES )
& MORE, LLC )
 )
v. ) NO. 3-13-0039
 ) JUDGE CAMPBELL
RAMANN ENTERPRISES, INC., )
et al. )

MEMORANDUM

Pending before the Court is Plaintiff's Request for Judicial Review of Misconduct, Partiality & Bias Under the Tennessee Law and the Federal Arbitration Act (Docket No. 35), filed *pro se*, to which Defendants have filed a Response in opposition (Docket No. 44). This case is reopened for the purpose of ruling on the pending Motion, and Plaintiff's Motion is DENIED.

PROCEDURAL HISTORY

Plaintiff asks the Court to overturn an Arbitration Award and award her damages against Defendants. This dispute involves a Sales Agreement between Plaintiff and Defendant Ramann Enterprises for the purchase of two printers. The sale was financed by Defendant Susquehana Commercial Finance. Plaintiff alleges that Defendants breached their contracts with her, and she brought this action, raising multiple contract and statutory claims.

The Court granted Defendants' Motion to Compel Arbitration, based upon a provision in the Sales Agreement, and the parties participated in arbitration on May 6, 2015, before Arbitrator A. Hardcastle, Jr., who was appointed by the American Arbitration Association ("AAA") to hear and decide the parties' dispute. Plaintiff was represented by counsel throughout the arbitration proceedings.

Following the hearing, the Arbitrator awarded Defendants immediate possession of the subject printers; the right to sell, lease or otherwise dispose of the printers; the right to apply proceeds according to the terms of the lease agreement and/or Uniform Commercial Code; and attorneys' fees in the amount of $39,448.96. The Arbitrator denied Plaintiff's counterclaims.

STANDARD OF REVIEW

The Federal Arbitration Act provides that a court must confirm an arbitration award unless it is vacated, modified or corrected as prescribed in Sections 10 and 11 of that Act. 9 U.S.C. § 9. The Court may vacate an arbitration award if: (1) the award was procured by corruption, fraud or undue means; (2) there was evident partiality or corruption in the arbitrator; (3) the arbitrator was guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrator exceeded his powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10.

The standard for judicial review of arbitration procedures is merely whether a party to arbitration has been denied a fundamentally fair hearing. *Questar Capital Corp. v. Gorter*, 909 F.Supp.2d 789, 816 (W.D. Ky. 2012). The standard for the Court's review of whether the arbitrator's decision constituted "misconduct" is "abuse of discretion." *Id*. To meet this standard, the party seeking to vacate the arbitration award must prove by clear and convincing evidence that the arbitrator had no reasonable basis for his decision. *Id.* at 816-17.

2

ANALYSIS

Plaintiff first alleges that the Arbitrator violated her constitutional rights to a trial by jury. In order to allege a violation of her constitutional rights (pursuant to 42 U.S.C. § 1983), Plaintiff must establish that: (1) she was deprived of a right secured by the United States Constitution or laws; and (2) the deprivation was caused by a person acting under color of state law. *Spurlock v. Whitley*, 971 F.Supp. 1166, 1175 (M.D. Tenn. 1997). Plaintiff has neither alleged nor shown that the Arbitrator was a state actor. Moreover, even if she had shown state action, Plaintiff waived her rights to a trial by jury when she agreed to arbitration in her contract with Defendants.

Plaintiff next argues that the Arbitrator violated the "Deceptive Trade Act." She provides no citation for this Act or information as to its requirements, and the Court cannot analyze the Arbitrator's actions with regard to an unknown statute or standard.

Plaintiff contends that the Arbitrator had a conflict of interest because he had served on an arbitration panel with an attorney in the law firm of Defendants' counsel, suggesting that this fact was not disclosed until after the arbitration hearing. Yet, the January 6, 2015 Appointment Letter from the AAA to counsel for both Plaintiff and Defendants (Docket No. 45-2) included a Notice of Appointment (Docket No. 45-4), which disclosed that Hardcastle had served on an arbitration panel with John Allen Chalk, a member of Defendant's counsel's firm, some 15 to 20 years before. The Appointment Letter referenced Hardcastle's disclosure and advised the parties to notify the AAA of any objections to the appointment of Hardcastle and of any circumstance which might give rise to justifiable doubt as to the arbitrator's impartiality or independence by January 13, 2015. The Appointment Letter further points out that failure on the part of a party or a representative to comply with these requirements concerning objections may result in the waiver of the right to object to an

3

arbitrator. Docket No. 45-2. There is no evidence that Plaintiff or her counsel filed any such objection.

Plaintiff objects to the fact that the arbitration hearing was not recorded by tape or by a court reporter. The Scheduling Order for this arbitration (Docket No. 45-5) references a telephonic preliminary hearing in which both counsel for Plaintiff and counsel for Defendants participated. At that hearing, counsel agreed to several things, including a schedule for discovery and disclosure of witnesses and exhibits, and counsel agreed that there would be no court reporter for the arbitration hearing. Counsel for the Plaintiff was representing the Plaintiff at that hearing, with regard to these agreements, and her actions are treated as actions of the Plaintiff.

Plaintiff also objects to the fact that the Arbitrator did not render "an opinion as to the substance of law and facts as to how he reached his decision." Rule 46 of the AAA Commercial Arbitration Rules provides that the arbitrator need not render a reasoned award unless the parties request such an award in writing prior to appointment of the arbitrator or unless the arbitrator determines that a reasoned award is appropriate. There is no evidence before the Court that Plaintiff or her counsel requested such an award, and the Scheduling Order reflects that at the preliminary hearing, counsel for both parties agreed that the Arbitrator's award would be a "Standard Award."

Plaintiff contends that the arbitrator refused to hear or "use" certain evidence in making his decision. Arbitrators are not bound by the formal rules of procedure and evidence, and arbitrators are not bound to hear all the evidence tendered by the parties; they need only afford each party the opportunity to present their arguments and evidence. *Questar Capital Corp.,* 909 F.Supp.2d at 816. Accordingly, not every failure to receive evidence constitutes misconduct by the arbitrator; the question is simply whether a party was deprived of a fundamentally fair proceeding. *Id*.

4

Plaintiff's objection that the Arbitrator did not "use" or rely upon certain evidence is also different from objecting that he did not consider it. Contending that he did not rely upon certain evidence in making his decision is disagreeing with the weight given the evidence and with the result. Plaintiff also argues that certain evidence was not offered and certain witnesses were not called, but that objection is to her own counsel's conduct, which does not support vacating the Arbitrator's award.

Finally, Plaintiff reargues the merits of her case and her claims against Defendants. The Court cannot re-evaluate the evidence and overrule the decision of the Arbitrator on that basis. As noted above, the review by this Court is limited, and Plaintiff has not carried her burden to show that the award by the Arbitrator in this case should be vacated under 9 U.S.C. § 10.

CONCLUSION

Accordingly, Plaintiff's Request for Judicial Review of Misconduct, Partiality & Bias Under the Tennessee Law and the Federal Arbitration Act (Docket No. 35) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE